UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| BASF PLANT SCIENCE, LP, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMONWEALTH SCIENTIFIC AND )<br>INDUSTRIAL RESEARCH ORGANIZATION, )<br>GRANIS RESEARCH AND DEVELOPMENT )<br>CORPORATION, AND NUSEED PTY LTD, )<br>)<br>Defendants. )<br>_____)<br>COMMONWEALTH SCIENTIFIC AND )<br>INDUSTRIAL RESEARCH ORGANISATION, )<br>GRAINS RESEARCH AND DEVELOPMENT CORP., )<br>AND NUSEED PTY LTD., )<br>)<br>Plaintiffs- Counterclaimants )<br>)<br>v. )<br>)<br>BASF PLANT SCIENCE, LP, )<br>AND CARGILL, INC., )<br>)<br>Defendants- Counterdefendants. ) | No. 2:17-cv-503 |

## SUPPLEMENTAL CLAIM CONSTRUCTION OPINION AND ORDER I

On April 10, 2019, the Court held a hearing for the purpose of construing ten (10) disputed terms in the patents at issue and resolving two (2) motions to dismiss and a motion to compel discovery. At the hearing, the Court resolved the meanings for eight (8) of these terms and took the construction of two (2) terms under advisement. On April 30, 2019, this Court entered an Opinion and Order explaining its construction of those eight (8) terms. Doc. 274.

1

The Court has decided that it will **CONSTRUE** term (10) as described below. The Court will continue to take term (9) **UNDER ADVISEMENT** to continue its consideration of the matter. However, as the parties are in the process of narrowing their claims, this Court hereby issues this Supplemental Opinion and Order on Term (9) to assist in their process.

## I. Factual Background & Procedural History

The facts and procedural posture of this case have been summarized in this Court's previous Opinions, including its Claim Construction Opinion & Order, doc. 274. Accordingly, this Court will not repeat its recitation of the background of this case.

## II. Claim Construction

### A. LEGAL PRINCIPLES OF CORRECTING ERRORS IN CLAIM LANGUAGE

A district court may correct obvious errors in a patent claim. CBT Flint Partners, LLC v. Return Path, Inc., 654 F.3d 1353, 1358 (Fed. Cir. 2011). Generally, a court should only make corrections where: "(1) the correction is not subject to reasonable debate based on the consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims." Id. The Federal Circuit has held that a court should not make corrections to claim language if the corrections are "substantively significan[t]" or require guesswork as to the patentee's intent. NOVO Industries, LP v. Micro Molds Corp., 350 F.3d 1348, 1358 (Fed. Cir. 2003); see also CBT Flint, 654 F.3d at 1358. If a court finds that there are multiple reasonable alternatives, the district court should consider those alternatives from the POSITA's point of view to determine whether the correction is appropriate. CBT Flint, 354 F.3d at 1358 (holding that whether to add "and" between "defect analyze" was obvious to a POSITA and the district court should have made that correction).

## B. DISPUTED TERMS

The following table lists the remaining disputed terms, each parties' proposed construction and the relevant patents and claims to each disputed term.

| Term at Issue | CSIRO's Proposed Construction | BASF & CARGILL's Proposed Constructions | Asserted Claims Including the Term[1] |
|---|---|---|---|
| 9. "a desaturase [an exogenous desaturase] which desaturates an acylCoA substrate" | No construction necessary. If construed, "a desaturase capable of desaturating an acyl-CoA substrate." | **BASF's Construction:** no construction necessary  **Cargill's Construction:** The term "a desaturase [an exogenous desaturase] which desaturates an acylCoA substrate" means "a vertebrate desaturase [a vertebrate exogenous desaturase] which desaturates an acyl-CoA substrate." | '250 patent claims 1, 6, 7  '579 patent claims 1, 7  '033 patent claims 4, 5, 10, 19, 31-34 |
| 10. "the extracted canola oil" | "the extracted oil" | **BASF's construction:** no construction necessary  **Cargill's construction:** Plain and ordinary meaning. Alternatively, "oil that has been produced directly from seeds without further processing or purification." | '541 patent claims 5, 18 |

---

[1] Only claims which explicitly contain the claim term in question are identified in this table. Claims which depend from these claims implicitly contain the claim term in question by reference.

3

**(9) "a desaturase [an exogenous desaturase] which desaturates an acyl-CoA Substrate."**

This term appears in asserted claims 1, 6, and 7 of the '250 patent. The term also appears in claims 1 and 7 of the '579 patent and claims 4, 5, 10, 19, and 31-34 of the '330 patent. The Court **ORDERED** further briefing on this term and took its construction **UNDER ADVISEMENT**. The dispute on this term is particularly important, whether the identified patents are limited to a vertebrate desaturase or cover desaturases regardless of their origin. Accordingly, the Court will continue to review the existing briefing and the arguments of counsel and the evidence in the record.

The Court **CONTINUES** its consideration of this term. When the Court construes the term, if construction is necessary, the Court will issue a Supplementary Opinion and Order II.

**(10) "the extracted canola oil"**

This term appears in claims 5 an 18 of the '541 patent. At the Markman hearing, the Court took this term **UNDER ADVISEMENT** without further briefing. Whether the inclusion of "canola" was an inadvertent typographical error or an intentional limitation could have significant consequences on the scope of these patents.

The Court is persuaded that the addition of the term "canola" is an inadvertent error. Accordingly, the Court **ORDERS** that this term be construed as **"the extracted oil."** District courts are empowered to correct errors in the claims of a patent, even where multiple reasonable interpretations of the claim exist. CBT Flint, 354 F.3d at 1358. When resolving whether to correct a mistake, courts should consider the question from a POSITA's point of view. Id. Here, the patents at issue address several different oils, not just canola oil, and similar claims refer to "extracted oil" not just "extracted canola oil."

The Court is persuaded that a POSITA would likely understand that the addition of "canola" was an error and that the patentee did not intend such a distinction. Throughout the '541 patent, the patentee refers to "the extracted oil [lipid]" without limiting itself to canola oil. In fact, as far as the Court can tell, the only two (2) locations in the '541 patent where such a distinction is drawn is in the claims at issue here. Even the claims themselves suggest that the addition of "canola" is an error. There are several claims which are similarly drafted to claims 5 and 18, all of which are dependent on claims 1 or 15, and do not limit themselves to canola oil. See U.S. Patent No. '541 Cl. 2, 3, 4, 16, 17.

Moreover, the Court cannot think of a reason why such a limitation would have been intended by the patentee. There are no corresponding claims which claim other non-canola oils. Limiting the claim to only canola oil would be to leave other oils – that are clearly contemplated by the patent – unclaimed. Thus, the Court **FINDS** that the fact that the presence of the word "canola" is an obvious, unintended error and that a POSITA would agree. Accordingly, the Court **CONSTRUES** term (10) to mean "the extracted oil."

To the extent that Cargill argues that the Court should read in the phrase "produced directly from seeds without further processing or purification" the Court declines to do so, as it runs against the clear language of the patent. Column 34, lines 17-26, under the heading "Detailed Description of the Invention," reads "The extracted . . . oil can be a relatively crude composition . . . or a more purified composition where most [elements of the oil] have been removed." Accordingly, reading the specification and the claims together as a whole, "extracted oil" seems to include reference to oil which has been processed to some degree. Therefore, disputed term (10) will mean "the extracted oil" only.

5

## III. Conclusion

For the reasons stated on the record and elaborated herein the Court constructed the disputed terms as follows:

| Disputed Term | The Court's Construction |
|---|---|
| 9. "a desaturase [an exogenous desaturase] which desaturates an acylCoA substrate" | TAKEN UNDER ADVISEMENT – CONTINUED |
| 10. "the extracted canola oil" | "the extracted oil" |

The Clerk is **REQUESTED** to deliver a copy of this Supplemental Opinion and Order to all counsel of record.

It is so **ORDERED.**

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 15, 2019

6