2143

```
IN THE UNITED STATES DISTRICT COURT
 FOR THE EASTERN DISTRICT OF VIRGINIA
           Norfolk Division

- - - - - - - - - - - - - - - - - -
                                    )
 BASF PLANT SCIENCE, LP,            )
                                    )
         Plaintiff,                 )
                                    )
 v.                                 )
                                    )
 COMMONWEALTH SCIENTIFIC AND        )
 INDUSTRIAL RESEARCH                )
 ORGANISATION,                      )
                                    )
         Defendant.                 )
_____     )
                                    )   CIVIL ACTION NO.
 COMMONWEALTH SCIENTIFIC AND        )        2:17cv503
 INDUSTRIAL RESEARCH                )
 ORGANISATION, GRAINS RESEARCH      )
 AND DEVELOPMENT CORP., AND         )
 NUSEED PTY LTD.,                   )
                                    )
    Plaintiff-Counterclaimants,     )
                                    )
 v.                                 )
                                    )
 BASF PLANT SCIENCE, LP, and        )
 CARGILL, INC.,                     )
                                    )
   Defendants-Counterdefendants.    )
                                    )
- - - - - - - - - - - - - - - - - -

            TRANSCRIPT OF PROCEEDINGS
              (Jury Trial - Day 12)

               Norfolk, Virginia

               November 1, 2019


BEFORE:  THE HONORABLE HENRY COKE MORGAN, JR.
         United States District Judge, and a jury
```

Carol L. Naughton, Official Court Reporter

```
 1   APPEARANCES:

 2                   HOGAN LOVELLS US LLP
                     By:  Nitya Anand
 3                        Arlene L. Chow
                          N. Thomas Connally, III
 4                        Una Chiao-Yi Fan
                          Thomas B. Hunt
 5                        Takashi Okuda
                          Jared Schubert
 6                        Anna K. Shaw
                          Ernest Yakob
 7                   Counsel for BASF Plant Science, LP

 8                   VANDEVENTER BLACK LLP
                     By:  Richard H. Ottinger
 9                   Counsel for Defendants, Third-Party
                     Plaintiffs, and Counterclaimants
10
                     KOBRE & KIM LLP
11                   By:  Jonathan E. Barbee
                          Hugham Chan
12                        Matthew I. Menchel
                          Michael K. Ng
13                        Hartley M.K. West
                          Daniel A. Zaheer
14                   Counsel for Commonwealth Scientific and
                     Industrial Research Organisation
15
                     PORTER HEDGES LLP
16                   By:  Miranda Jones
                          Megan Mon-Ting Luh
17                        Erin C. Villasenor
                     Counsel for Grains Research and
18                   Development Corporation

19                   WILEY REIN LLP
                     By:  Alexander Owczarczak
20                        Teresa Summers
                          Lawrence M. Sung
21                   Counsel for Nuseed Pty Ltd

22                   FISH & RICHARDSON PC
                     By:  Ahmed J. Davis
23                        Christopher R. Dillon
                          Elizabeth Flanagan
24                        Daniel R. Gopenko
                     Counsel for Cargill, Inc.
25
```

1     (Proceedings commenced at 9:57 a.m.)
2     (The jury entered the courtroom.)
3     THE COURT: All right. Ladies and gentlemen, your
4  verdict must represent the considered judgment of each juror.
5  In other words, your verdict must be unanimous. Each of you
6  must decide the case for yourself but only after an impartial
7  consideration of all of the evidence in the case with your
8  fellow jurors. It is your duty as jurors to consult with one
9  another and to deliberate with a view to reaching an
10 agreement if you can do so without violence to individual
11 judgment.
12    In the course of your deliberations, do not hesitate
13 to reexamine your own views and change your opinion if
14 convinced it is erroneous, but do not surrender your honest
15 conviction as to the weight or effect of the evidence solely
16 because of the opinion of your fellow jurors or for the mere
17 purpose of returning a verdict. Remember at all times, you
18 are not partisans. You are judges, judges of the facts.
19 Your sole interest is to seek the truth from the evidence in
20 the case.
21    Upon retiring to the jury room, you should first
22 select one of your number to act as your foreman or forewoman
23 who will preside over your deliberations and will be your
24 spokesperson here in court.
25    Forms of verdict have been prepared for your

1   convenience.  You will take the instructions, the exhibits,
2   and the verdict forms to the jury room, and when you have
3   reached unanimous agreement as to your verdict, you will have
4   your foreman or forewoman fill it in, date and sign the
5   appropriate form, and then return to the courtroom.
6           If during your deliberations you should desire to
7   communicate with the Court, your message or question must be
8   put in writing and signed by the foreman or forewoman, and
9   you will then give the note to Mr. Spatz who will bring it to
10  my attention.
11          The Court will then respond as promptly as possible,
12  either in writing or by having you return to the courtroom so
13  that the Court can address you orally.  If you do transmit a
14  message or question to the Court, you must not state or
15  specify your numerical division at that time.
16          Finally, you should not interpret anything the Court
17  has said or done during the trial as suggesting to you what
18  the Court thinks your verdict should be.  The verdict is
19  exclusively your duty and responsibility.
20          All right.  Ladies and gentlemen, you may now retire
21  to the jury room and begin your deliberations, and the items
22  I mentioned will be brought into the jury room for your
23  examination.
24          (The jury retired to begin deliberations.)
25          THE COURT:  All right.  Counsel, we'll be in recess

1  pending the deliberation of the jurors, but I would ask that
2  you not leave the area of the courtroom unless you advise
3  Mr. Spatz or Lori where you're going because just because
4  you're in the courthouse doesn't mean we can find you.
5         What I generally do is, about noontime, I'll have
6  Mr. Spatz check with the jury, and unless they're ready to
7  return a verdict, or close to it at that time, he'll take
8  lunch orders for them, and we'll have lunch brought in for
9  the jury so that they don't interrupt their deliberations.
10         I will not convene court for lunch.  We'll take
11  lunch from 1:00 to 2:00, and Mr. Spatz will advise the jury
12  that they won't be able to communicate with us during that
13  period of time.  But other than that, please be somewhere or
14  leave a representative here so we'll know how to communicate
15  with you when we receive a question or a verdict.
16         Does either side have any questions for the Court
17  before we recess?
18         MR. CONNALLY:  No, sir.
19         MR. ZAHEER:  No, Your Honor.
20         MR. DAVIS:  No, Your Honor.
21         THE COURT:  All right.  Well, then, we'll be in
22  recess pending the deliberation of the jury.
23         (Recess from 10:06 a.m. to 4:20 p.m.)
24         THE CLERK:  Nuseed is missing.
25         MR. ZAHEER:  It may be a few minutes.  So we may

```
 1   want to just proceed.
 2              (The jury entered the courtroom.)
 3              THE COURT:  All right.  Ladies and gentlemen, have
 4   you reached a unanimous verdict?
 5              (The jury answered affirmatively.)
 6              THE COURT:  If you would give the verdict form --
 7   thank you.
 8              All right.  I'll ask the clerk to read the verdict.
 9              THE CLERK:  Members of the jury, harken unto your
10   verdict.  The United States District Court for the Eastern
11   District of Virginia, Norfolk Division, Civil Action
12   No. 2:17cv503.
13              Section I, Infringement:
14              The opponents stipulated that they satisfy every
15   limitation of Claims 1 and 33 of the '357 patent, Claim 5 of
16   the '579 patent, Claims 2 and 10 of the '880 patent, Claim 5
17   of the '033 patent, Claim 4 of the '792 patent, and Claim 1
18   of the '084 patent, and therefore, infringement is not
19   disputed for these Claims.
20              Do you find by a preponderance of the evidence that
21   the opponents have infringed Claim 20 of the '541 patent?
22              The answer is:  Yes, in favor of CSIRO, Nuseed, and
23   GRDC.
24              Section II, Obviousness:
25              The opponents do not contest the validity of
```

1  Claim 20 of the '541 patent, and therefore, validity is not
2  disputed for that claim.
3       Do you find that the opponents have proven by clear
4  and convincing evidence that any of the following asserted
5  Claims of the patents-in-suit is obvious?
6       Claim 1 of the '357 patent; no, in favor of CSIRO/
7  Nuseed/GRDC.
8       Claim 33 of the '357 patent; no, in favor of CSIRO/
9  Nuseed/GRDC.
10      Claim 5 of the '579 patent; no, in favor of CSIRO/
11 Nuseed/GRDC.
12      Claim 2 of the '880 patent; no, in favor of CSIRO/
13 Nuseed/GRDC.
14      Claim 10 of the '880 patent; no, in favor of CSIRO/
15 Nuseed/GRDC.
16      Claim 4 of the '792 patent; no, in favor of CSIRO/
17 Nuseed/GRDC.
18      Claim 5 of the '033 patent; no, in favor of CSIRO,
19 Nuseed, and GRDC.
20      Section III, Written Description:
21      Have opponents, BASF and Cargill, proven by clear
22 and convincing evidence that the following patent claims are
23 invalid for lack of written description?
24      '579 Patent Claim 5; no, in favor of CSIRO/Nuseed/
25 GRDC.

```
 1              '357 Patent Claim 1; no, in favor of CSIRO/Nuseed/
 2   GRDC.
 3              '357 Patent Claim 33; no, in favor of CSIRO/Nuseed/
 4   GRDC.
 5              '033 Patent Claim 5; no, in favor of CSIRO/Nuseed/
 6   GRDC.
 7              '880 Patent Claim 2; no, in favor of CSIRO/Nuseed/
 8   GRDC.
 9              '880 Patent Claim 10; no, in favor of CSIRO/Nuseed/
10   GRDC.
11              '792 Patent Claim 4; no, in favor of CSIRO/Nuseed/
12   GRDC.
13              '084 Patent Claim 1; yes, in favor of BASF and
14   Cargill.
15              Section IV, Breach of Contract, Materials Transfer
16   and Evaluation Agreement:
17              Do you find that BASF has proven by a preponderance
18   of the evidence that BASF is a co-owner of any of the
19   following patents-in-suit below?
20              The '357 patent; no, in favor of CSIRO/Nuseed/GRDC.
21              The '579 patent; no, in favor of CSIRO/Nuseed/GRDC.
22              The '880 patent; no, in favor of CSIRO/Nuseed/GRDC.
23              The '792 patent; yes, in favor of BASF/Cargill.
24              The '084 patent, no, in favor of CSIRO/Nuseed/GRDC.
25              The '033 patent; no, in favor of CSIRO/Nuseed/GRDC.
```

```
 1              The '541 patent; no, in favor of CSIRO/Nuseed/GRDC.
 2              Section V, Conception:
 3              Have proponents -- CSIRO, Nuseed, and GRDC --
 4    established with corroborating evidence that Claim 1 of the
 5    '357 patent or Claim 2 of the '880 patent were conceived by
 6    the inventors as of February 2003?
 7              The '357 patent; yes, in favor of CSIRO/Nuseed/GRDC.
 8              The '880 patent; yes, in favor of CSIRO/Nuseed/GRDC.
 9              Final page of the jury verdict form:
10              You have now reached the end of the verdict form and
11    should review it to ensure it accurately reflects your
12    unanimous determinations.
13              Signed this 1st day of November 2019 by Steven
14    Boyser, jury foreperson.
15              Members of the jury, is this your verdict, so say
16    you all?
17              (The jury answered affirmatively.)
18              THE CLERK:  Thank you.
19              THE COURT:  All right.  Before I excuse the jury, I
20    generally go into the jury room and thank them for their
21    service.  So I'll do that, and counsel can think about what
22    they have to say while I'm meeting with the jury.
23              So if you'll step into the jury room, we'll go in
24    this way.
25              MR. ZAHEER:  Your Honor, brief comment.
```

1            (There was a pause in the proceedings.)
2            THE COURT:  The jury understands that they've got to
3   come back Monday.  So let's talk about what comes next.
4            All right.  You can excuse the jury.
5            There is a pending motion with respect to past
6   damages, and we had a discussion about that.  I don't know
7   whether the Court will permit past damages or not; I'm going
8   to have to study that issue.  And I don't know whether that
9   will affect who's going to testify or not, but we'll just
10  convene Monday morning, and I will take another look at the
11  briefing we have on that issue and let you know whether I'll
12  permit any evidence on past damages, unless you can stipulate
13  that there was some talk prior to the case about this past
14  damages being some nominal amount of $1,600, or something
15  like that.  I don't know if that came only from the opponents
16  or not, but if you can agree on the past damages, that will
17  remove that as an issue.
18           MS. SHAW:  Your Honor, on behalf of the opponents,
19  we would be willing to stipulate to the, I think, top end of
20  the range for past damages.  I think the issue is the other
21  side would want us to also stipulate to what the appropriate
22  royalty base and royalty rate should be, which we're not --
23  which is disputed between the parties.
24           THE COURT:  All right.  Well, is there anything else
25  that counsel wants to be heard on at this point?

Carol L. Naughton, Official Court Reporter

1             MS. SHAW:  I would like to just request the Court's
2    clarification on how they intend to proceed on Monday.  I
3    know you wanted to talk about the pending motion and consider
4    that, but we also wanted to understand whether you would be
5    hearing witnesses on Monday or how you wanted to proceed with
6    the phases of the case.
7             I've spoken to Mr. Lang.  We do have some issues
8    with some of our witnesses and their availability and would
9    seek the guidance of the Court on how you would like us to
10   address that.
11            THE COURT:  Well, yes, we begin with the testimony
12   of the proponents Monday morning.
13            MS. SHAW:  Okay.  And did you -- because there are a
14   number of remedies that are being sought by the proponents of
15   the patents, including past damages, future damages, and
16   injunction, and some of the -- I'm not sure whether the jury
17   is going to be here for some or all of that, and it would be
18   helpful to get some guidance from the Court on how you would
19   like to proceed so that we can present the testimony in an
20   orderly fashion consistent with your preferences.
21            THE COURT:  Well, the proponents will begin with the
22   preparation of their evidence on remedies.  The royalty issue
23   is very difficult because there's no standard upon which to
24   base a royalty, that I've heard in the evidence thus far, and
25   I don't know how they can prove a standard for royalties when

1  you don't have any sales.  And I don't know what their theory
2  is.  You can -- I don't know whether I can find that there's
3  any comparable product for this because it's a unique
4  product.  So I don't know whether there's anything comparable
5  to it or not.
6        MS. SHAW:  Could I just raise the issue of one
7  particular witness?  The opponents had planned to have
8  Dr. Murphy testify as part of the remedy phase.  Dr. Murphy
9  has to be out of the country.  He needs to be back in London
10 by Sunday.  We had -- under the guidance of Mr. Lang, he
11 suggested that we deal with his testimony by deposition.
12       I understand that counsel for the opponents have
13 a -- we had suggested Saturday, tomorrow, for his deposition,
14 but I understand counsel for the proponents have a problem
15 with that, and we would just seek the Court's guidance on how
16 to deal with Dr. Murphy.
17       THE COURT:  All right.
18       MR. ZAHEER:  Your Honor, so the issue is that we
19 heard last night at 9:00 p.m. that they were intending to
20 depose their own witness in lieu of having the witness
21 testify live.  We had understood that the deadline to have --
22 to give notice that a witness would not testify live but
23 would testify via deposition was several weeks ago.  So
24 there's -- there's, I think, an issue there about whether
25 they should be allowed to essentially conduct a trial

```
 1   examination of their own witness, direct examination via
 2   deposition, and be able to play that.  It seems like an
 3   unusual process to me.  And then there is also the issue of
 4   timing; we just heard about it last night.  They say they can
 5   only do it tomorrow morning, which is a hardship for our
 6   team.
 7           THE COURT:  You've got enough people to take care of
 8   that.  It's an unusual -- it's not unusual to have to take a
 9   deposition during a trial in a case like this, but the way
10   it's developed, I'll permit them to take the deposition
11   tomorrow --
12           MR. ZAHEER:  Understood.  Thank you.
13           THE COURT:  -- at a time to be agreed upon by
14   counsel.  But everybody's known that there was a potential
15   for this happening.  And I thought there was some other
16   witness, too, who had to go to Japan or something.
17           MS. SHAW:  We were able to alter his plans.
18           THE COURT:  All right.
19           MR. SUNG:  Just very briefly on the question that
20   you raised about whether there was a product value or any
21   other aspect for past damages purposes.  I would just say
22   that the papers that we did provide in the last round of
23   submissions should address that issue directly.
24           THE COURT:  Well, I understand that you've addressed
25   it, but I'm not sure that the Court accepts how you've
```

1   addressed it.  But I have not focused on that.  I've focused
2   on, you know, this phase of the case, particularly the
3   instructions which were particularly difficult in this case.
4   So I haven't had time to focus on that.
5            MR. SUNG:  Understood.
6            THE COURT:  But I'm going to be working on that over
7   the weekend, so don't give me a different brief Monday like
8   we did with instructions because I'm going to focus on what's
9   been filed.  And whether it's comparable or not, I don't
10  know.  That could be a factual issue.  I can't say at this
11  point.
12           MR. SUNG:  Thank you, Your Honor.
13           MS. SHAW:  Just one last quick clarification.  Will
14  you be taking opening statements on damages on Monday?
15           THE COURT:  Yes.
16           MS. SHAW:  Okay.  Thank you.
17           THE COURT:  How much time do you need for that?
18           MS. SHAW:  I believe Your Honor, in a prior order,
19  had indicated that you would give the parties 15 minutes to
20  use for either the second part of the invalidity rebuttal or
21  the opening statements for damages, which is, I think,
22  sufficient time.
23           THE COURT:  I think I did affix that already.  I had
24  forgotten that.
25           Is there anything else that counsel wants to bring

Carol L. Naughton, Official Court Reporter

2157

```
 1  up at this point?
 2          MR. ZAHEER:  Nothing further, Your Honor.
 3          MR. DAVIS:  No, Your Honor.
 4          MS. SHAW:  Nothing further, Your Honor.
 5          THE COURT:  Well, you know there was a Federal
 6  Circuit decision on written description that came out two
 7  days ago.  I don't know if counsel has had a chance to look
 8  at it or not, but we have, but that's not something that
 9  would affect the damages phase of the trial.
10          All right.  If there's nothing further, then we'll
11  be adjourned until 10:00 Monday morning.
12          (The proceedings adjourned at 4:46 p.m.)
13
14                      CERTIFICATION
15
16     I certify that the foregoing is a correct transcript
17  from the record of proceedings in the above-entitled matter.
18
19
20          _____/s/_____
21                   Carol L. Naughton
22                   November 2, 2019
23
24
25
```

Carol L. Naughton, Official Court Reporter